# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Crum & Forster Specialty Ins. Co.

**DEFENDANTS**

Fidel & Gonzalo Garcia dba G&F Remodeling

**(b)** County of Residence of First Listed Plaintiff    Morris County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Harris County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael T. McDonnell III, Kutak Rock LLP Two Logan Sq. Ste 1920, Philadelphia, PA 19103 215.299.4384

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability   [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   [ ] 368 Asbestos Personal [ ] 340 Marine   Injury Product [ ] 345 Marine Product   Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability   **PERSONAL PROPERTY** [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | | [ ] 840 Trademark [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | Product Liability   [ ] 380 Other Personal | | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal   Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | Protection Act |
| [ ] 196 Franchise | Injury   [ ] 385 Property Damage [ ] 362 Personal Injury -   Product Liability Medical Malpractice | [ ] 710 Fair Labor Standards Act [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) | [ ] 490 Cable/Sat TV [ ] 850 Securities/Commodities/ Exchange [ ] 890 Other Statutory Actions |
| **REAL PROPERTY**   **CIVIL RIGHTS**   **PRISONER PETITIONS** | | [ ] 740 Railway Labor Act [ ] 751 Family and Medical Leave Act | | [ ] 891 Agricultural Acts [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 240 Torts to Land | [ ] 443 Housing/   [ ] 530 General Accommodations | | | Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty Employment   **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other Other   [ ] 550 Civil Rights [ ] 448 Education   [ ] 555 Prison Condition   [ ] 560 Civil Detainee -   Conditions of   Confinement | [ ] 462 Naturalization Application [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 2201 and 2202

Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE    08/07/2026

SIGNATURE OF ATTORNEY OF RECORD    /s/ Michael T. McDonnell, III

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: _25 South Queen Street, Lancaster, PA_

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☒ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Pennsylvania ▼

|  |  |
|---|---|
| CRUM & FORSTER SPECIALTY INS. CO., | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| *Plaintiff(s)* | ) |
| v. | )   Civil Action No. |
| FIDEL & GONZALO GARCIA DBA G&F REMODELING, LLC; LAND-RON, INC. | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> Fidel & Gonzalo Garcia dba G&F Remodeling, LLC
> 9426 Buckland Park Dr.
> Katy, TX. 77449

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Michael T. McDonnell, III, Esquire
> KUTAK ROCK LLP
> Two Logan Square
> 100 N. 18th Street, Suite 1920
> Philadelphia, PA 19103-2704

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:          08/07/2026                                              George V. Wylesol

                                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____         _____
                                            *Server's signature*

                                            _____
                                            *Printed name and title*

                                            _____
                                            *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania  ▾

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INS. CO., | ) ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| FIDEL & GONZALO GARCIA DBA G&F REMODELING, LLC; LAND-RON, INC. | ) ) ) ) ) ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Land-Ron, Inc.
6753 Kingspointe Parkway
Orlando, FL 32819


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Michael T. McDonnell, III, Esquire
KUTAK ROCK LLP
Two Logan Square
100 N. 18th Street, Suite 1920
Philadelphia, PA 19103-2704


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*


Date:        08/07/2026                                  George V. Wylesol

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.


Date: _____        _____
                                                      *Server's signature*

                                          _____
                                                      *Printed name and title*


                                          _____
                                                      *Server's address*

Additional information regarding attempted service, etc:

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INS. CO., | Case No. |
| Plaintiff, | |
| v. | |
| FIDEL & GONZALO GARCIA DBA G&F REMODELING, LLC; LAND-RON, INC. | |
| Defendants. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Crum & Forster Specialty Insurance Company ("Plaintiff" or "CFSIC"), by and through its undersigned counsel, KUTAK ROCK LLP, and for its Declaratory Judgment Complaint against Defendants Fidel & Gonzalo Garcia dba G&F Remodeling LLC, and Land-Ron, Inc., states and alleges as follows:

**INTRODUCTION**

1. This is a declaratory judgment action seeking a determination that CFSIC owes no duty to defend and/or indemnify Fidel & Gonzalo Garcia dba G&F Remodeling, LLC and Land-Ron, Inc. under a Comprehensive General Liability Policy bearing CFSIC policy number GLO-850635 ("the Policy") for the policy period beginning March 17, 2022 and ending March 17, 2023 issued to Defendant Fidel & Gonzalo Garcia dba G&F Remodeling, LLC. *See* CFSIC Policy, attached as **Exhibit "A."**

**PARTIES**

2. Plaintiff CFSIC is a Delaware corporate entity existing under the laws of the State of Delaware with its main administrative office located in Morristown, NJ.

3.      Upon information and belief, Defendant Fidel & Gonzalo Garcia dba G&F Remodeling, LLC ("Defendant" or "G&F") is a Texas LLC, and its members reside in Texas, with their statutory home office located at 19426 Buckland Park Dr., Katy, TX. 77449.

4.      Upon information and belief, Defendant Land-Ron, Inc. ("Land-Ron") is a business entity organized and existing under the laws of the State of Florida with its principal place of business at 6753 Kingspointe Parkway, Orlando, FL 32819.

## JURISDICTION AND VENUE

5.      CFSIC brings this declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      An actual controversy exists between the parties, as more fully alleged herein.

7.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy requirement is met because the damages in this case exceed $75,000.00, as more fully alleged herein.

8.      This Court has personal jurisdiction over the parties as the incident giving rise to the claims for coverage occurred in Pennsylvania in Lancaster County.

9.      Pursuant to 28 U.S.C. § 1391, venue is proper in this Court, as a substantial part of the events giving rise to the claims asserted herein occurred in Lancaster County, Pennsylvania.

10.     All necessary parties have been joined to this action.

4918-1918-6612.3

## FACTUAL BACKGROUND

### CFSIC Insures Fidel & Gonzalo Garcia dba G&F Remodeling, LLC

11.    CFSIC issued a Policy GLO-850635 for the policy period beginning March 17, 2022, and ending March 17, 2023, to Fidel & Gonzalo Garcia dba G&F Remodeling, LLC that contained Comprehensive General Liability coverage with limits of $1,000,000 per occurrence, subject to a $2,500 per claim deductible.  *See* **Exhibit "A".**

12.    The Policy, in pertinent part, included the following exclusion:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### PRIOR WORK EXCLUSION

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS COVERAGE PART**

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** and **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions** and **SECTION I – COVERAGES PRODUCTS/COMPLETED OPERATIONS BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** are amended and the following is added:

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of, resulting from or involving any of "your work" performed prior to the first day of the policy period shown on the Declarations.

This exclusion also applies to any fees, costs or expenses of any nature whatsoever incurred in the investigation or defense of any claim or "suit" arising out of, resulting from or involving "your work" described above.

**ALL OTHER TERMS AND CONDITIONS OF THIS POLICY REMAIN UNCHANGED.**

13.    The Policy defines "your work" as follows:

22. "Your work":
    a. Means:
       (1) Work or operations performed by you or on your behalf; and
       (2) Materials, parts or equipment furnished in connection with such work or operations.
    b. Includes:
       (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and
       (2) The providing of or failure to provide warnings or instructions.

3

14.     The Policy further provides as follows:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**1. Bankruptcy**

Bankruptcy or insolvency of the insured or of the insured's estate will not relieve us of our obligations under this Coverage Part.

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injured persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b. If a claim is made or "suit" is brought against any insured, you must:

(1) Immediately record the specifics of the claim or "suit" and the date received; and

(2) Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c. You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**Land-Ron Retains G&F to Renovate the Lancaster Marriot in March of 2019**

15.     On March 25, 2019, Defendant Land-Ron entered into a construction subcontract (no. 645-GFR) ("the Subcontract") with Defendant G&F to perform renovation and remodeling services at the Marriot Lancaster on 25 South Queen Street, Lancaster, PA ("the Project").S*ee* Subcontract attached as **Exhibit "B".**

16.     The scope of the Subcontract included the responsibility for flooring installation work at the hotel, including in the areas immediately adjacent to certain bathrooms within the Project. *See* **Exhibit "B"**.

4

17. Upon information and belief, the flooring used in the Project was vinyl plank tile flooring and it was installed by G&F during the Subcontract period, with all installation being completed by August 26, 2019. *See* Applications attached as **Exhibit "C".**

18. G&F submitted applications for payment of the Subcontracted work covering the period March 26, 2019, through February 11, 2020. *Id.*

19. The Subcontract contains provisions that require G&F to provide contractual indemnity as follows:

### SECTION 7:  INDEMNITY

Subcontractor agrees to defend, indemnify and hold harmless Contractor, Architect, Owner and their agents and employees from and against any claim, cost, expense or liability (including loss of use thereof), caused by, arising out of, resulting from or occurring in connection with the performance of the work performed by subcontractor, its subcontractors, or their agents or employees, whether or not caused in part by the active or passive negligence or other fault of a party indemnified hereunder, provided however.  Subcontractor's duty hereunder shall not arise if such injury, sickness, disease, death, damage or destruction is caused by sole negligence of a party indemnified hereunder.

Subcontractor's obligation hereunder, shall not be limited by the provisions of any Workers Compensation and Liability or similar act.  Should Owner or any other person assert a claim or institute suite, action or proceeding against Contractor involving the manner of sufficiency of the performance of the work, Subcontractor shall upon request of Contractor promptly assume the defense of such claim, suit, action or proceeding at Subcontractors sole expense, and Subcontractor shall indemnify and hold harmless Contractor and its agents and employees from and against any liability, loss, damage or expense.

20. The Subcontract contains certain provisions that relate to the promise to provide certain insurance coverage:

### SECTION 8: SUBCONTRACTOR INSURANCE

Subcontractor shall maintain throughout the term of this subcontract and pay for insurance coverage of the types below and with the maximum limits set forth as minimum insurance limits. Subcontractor shall name Land-Ron, Inc. as an additional insured under their general liability policy.  Each policy of insurance requires shall provide thirty (30) days of notice to Contractor prior to cancellation.

5

B. GENERAL LIABILITY
Subcontractor shall carry standard ISO General Liability coverage, written on an occurrence basis -including **Completed Operations. The coverage must be endorsed to LAND-RON, INC** as an "additional insured" form CG2010 11/85 or equivalent – meaning the additional insured coverage form to include work in progress and completed operations. PLEASE PROVIDE COPY OF THE ADDITIONAL INSURED FORM.
A provision that such insurance afforded by the policy for the benefit of the additional insured shall be primary and non-contributory to any insurance or self-insurance maintained by the additional insured.

The CGL must be written on an occurrence basis, with minimum limits of:

| | |
|---|---|
| Each Occurrence | $1,000,000 |
| General Aggregate - Per Project | $2,000,000 |
| Products and Completed Operations Aggregate | $2,000,000 |
| Personal/Advertising Injury | $1,000,000 |
| Fire Damage | $100,000 |
| Medical Payments | $5,000 |

D. UMBRELLA LIABILITY and/or EXCESS LIABILITY

With coverage at least as broad as the underlying policies. The per occurrence and aggregate limits shall be $1,000,000.

**Seltzer Allegedly Sustains Injuries at the Lancaster Marriot on March 3, 2023**

21.    Underlying claimant, Adam Seltzer ("Seltzer") was staying at the Lancaster Marriot and checked in on March 2, 2023. His stated purpose was to attend a work function scheduled the next morning.

22.    Seltzer contends that he twisted his back reaching into the bathroom shower to turn on the water due to floor tile that moved/slipped underneath his foot, causing him to lose his balance and fall into the adjacent wall.

23.    On November 4, 2024, Seltzer filed a civil Complaint docketed as *Seltzer v. PennSquare Partners*, et al, November Term 2024 No. 00384.  *See* **Exhibit "D".**

24.    On February 27, 2025, Seltzer filed an Amended Complaint adding Land-Ron as an underlying defendant. *See* **Exhibit "E".**

6

25.     On April 1, 2025, Defendant Land-Ron filed a Joinder Complaint against Defendant G&F. *See* **Exhibit "F"**

26.     On May 15, 2025, Seltzer filed a Second Amended Complaint adding G&F. *See* **Exhibit "G"**.

27.     Seltzer contends in the Second Amended Complaint that he sustained serious injury as a consequence of the negligence of G&F and Land-Ron.

### Seltzer Provides First Notice of Loss and Lawsuit on April 2, 2026

28.     On or about April 2, 2026, Seltzer's attorneys contacted CFSIC and provided first notice of loss and advised of the existence of the Underlying Claimant's lawsuit.

29.     On or about May 11, 2026, CFSIC advised G&F of its coverage position and agreed to provide G&F with a defense under Reservation of Rights.

30.     CFSIC arranged by agreement with G&F for the law firm of Reilly, McDevitt Heinrich ("RMH") to enter as counsel. RMH has entered their appearance and is currently defending G&F.

### CFSIC'S May 11, 2026, Coverage Position

31.     CFSIC advised G&F in its Reservation of Rights letter that it was reserving its right to disclaim coverage based on prejudicial late notice.

32.     CFSIC further advised G&F that it was reserving its right to disclaim coverage based on the "Prior Work Exclusion".

33.     CFSIC advised G&F that no coverage would be provided if it were established that the G&F performed the flooring installation at the Lancaster Marriot prior to March 17, 2022, the inception date of the Policy.

34.     CFSIC advised G&F that no waiver or estoppel should be inferred by its agreement to provide a defense subject to the above reservations.

7

4918-1918-6612.3

**Claim Denial**

35.     Upon information and belief, CFSIC has now placed beyond doubt the date of full performance and payment for the Subcontract as prior to the first day of the CFSIC Policy Period (March 17, 2022). *See* **Exhibit "C"**

36.     CFSIC therefore owes no duty to provide a defense or indemnification to G&F and seeks permission to withdraw from the defense of G&F.

37.     CFSIC owes no duty to provide additional insured coverage to Land-Ron as the "Prior Work Exclusion" bars coverage for both the named insured and any putative additional insureds.

38.     Irrespective of the validity, enforceability or limitations of the contractual indemnification contained in Article 7 of the Subcontract, CFSIC has no duty to provide coverage for any contractual or common law claims brought against G&F by Land-Ron for the same reason.

<u>COUNT I</u>

<u>DECLARATORY JUDMENT</u>

39.     Plaintiff incorporates paragraphs 1-36 as if fully set forth herein at length.

40.     For reasons set forth more fully above, CFSIC has established beyond doubt that the "Prior Work Exclusion" applies to bar coverage to G&F, its named insured, and any putative additional insureds or indemnitees.

41.     The "Prior Work Exclusion" is a plain, unambiguous, clearly worded exclusion that bars Commercial General Liability coverage, including ongoing operations and completed operations coverage, including coverage for bodily injury and property damage, occurring during the policy period if the liability of the insured is causally connected to work performed prior to the inception of the Policy

8

42.    The "Prior Work Exclusion" applies to bar coverage for bodily injury or property damage that arises out of or results from G&F's work performed prior to the first date of the Policy, which was March 17, 2022.

43.    G&F had prior counsel who entered and defended this matter for almost a year before CFSIC obtained first notice of loss from the Underlying Claimant. No prejudice will result to G&F if insurer's counsel withdraws and prior counsel enters.

44.    For the foregoing reasons, CFSIC seeks a declaration that it is no longer obligated to provide or pay for the defense of G&F.

45.    For the foregoing reasons, CFSIC seeks a declaration that it is not obligated to defend or indemnify G&F, or anyone claiming additional insured's coverage, including Land-Ron, under the Policy.

46.    For the foregoing reasons, CFSIC seeks a declaration that it is not obligated to indemnify G&F for any loss, including attorney's fees and costs, assumed by G&F in a written contract, such as the construction subcontract in this case.

47.    An actual controversy exists between CFSIC and the Defendants herein, which vests in the Court the power to declare the rights and liabilities of the parties.

**WHEREFORE,** Plaintiff CFSIC respectfully prays for judgment against Defendants, including:

A.    A declaration that there is no duty to defend and/or indemnify Defendant G&F under the Policy in connection with any claims that were raised or could have been raised as a result of the Seltzer lawsuit;

9

4918-1918-6612.3

B. A declaration that the Policy affords no coverage in connection with any claims that were raised or could have been raised as a result of the work performed by Defendant G&F prior to the inception of the Policy;

C. A declaration that the Policy does not afford coverage for any contractual liability in tort assumed by G&F in the construction subcontract;

D. A declaration that the Policy does not afford additional insured's coverage to Defendant Land-Ron; and

E. The provision of such other and further relief as this Court deems just and equitable.

<div style="margin-left:40%">

Respectfully submitted,

**KUTAK ROCK LLP**

BY: */s/ Michael T. McDonnell*
Michael T. McDonnell, III, Esq. (PA Id No. 60111)
Christoher G. Yu, Esq. (PA Id No. 3253865)
Two Logan Square
100 N. 18th Street, Suite 1920
Philadelphia, PA 19103
(215) 299-4384
Michael.McDonnell@kutakrock.com
Christopher.Yu@kutakrock.com
*Attorneys for Plaintiff*

</div>

Date:  August 7, 2026

<div style="text-align:center">10</div>

4918-1918-6612.3